# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PETER LUNDSTEDT,<br>        Plaintiff,<br><br>        v.<br><br>PEOPLE'S UNITED BANK, JOHN P.<br>BARNES, SARA M. LONGOBARDI, LEE<br>POWLUS, DAVID ROSATO, CHANTAL<br>SIMON, ROBERT E. TRAUTMANN, KIRK<br>W. WALTERS, and ARMANDO F.<br>GONCALVES,<br>        Defendants. | | No. 3:14-cv-01479 (JAM) |

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS (Doc. #12)

Plaintiff Peter Lundstedt has filed this lawsuit *pro se*, bringing numerous federal and state

law claims against defendants People's United Bank ("People's" or "the bank") and eight of its

corporate executives. In his amended complaint, plaintiff alleges that he maintains a checking

account at People's, which is subject to a "standardized account holder agreement[ ]." Doc. #5 at

14. Plaintiff further alleges that this checking account is subject to the bank's overdraft policy,

which allows customers to overdraft their accounts but also permits the bank to assess a fee of

$37 per overdraft. The crux of all of plaintiff's claims is his contention that People's

administration of this overdraft policy is "unfair and unconscionable." Doc. #5 at 3. Plaintiff

alleges that, as a result of this illegal and oppressive overdraft policy, he has been "wrongfully

forced" to pay "thousands of dollars" in overdraft fees. Doc. #5 at 22, 23.

Defendants have moved to dismiss all of plaintiff's claims. Among other contentions,

defendants argue that plaintiff lacks standing to assert any of his claims because the checking

account at issue is a commercial/business account owned by a limited liability company ("LLC"), and not a personal account.

It is axiomatic that, in order to properly invoke the jurisdiction of a federal court, a litigant must have standing to assert his or her claims. *See, e.g.*, *Bennett v. Spear*, 520 U.S. 154, 162 (1997); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559–61 (1992). Standing encompasses two parts: the well-known constitutional limitations as well as certain judicially imposed "prudential limitations." *Spear*, 520 U.S. at 162. This case involves one of the "rooted principle[s]" of prudential standing limitations: the requirement that "a party must 'assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties.'" *In re Bernard L. Madoff Inv. Sec. LLC*, 721 F.3d 54, 58 (2d Cir. 2013) (quoting *Warth v. Seldin*, 422 U.S. 490, 499 (1975)), *cert. denied sub nom. Picard v. HSBC Bank PLC*, 134 S. Ct. 2895 (2014). "[T]he existence of a legal right held by the plaintiff is a predicate for standing." *Handelsman v. Bedford Vill. Assoc. Ltd. P'ship*, 213 F.3d 48, 54 (2d Cir. 2000) (Sotomayor, J.) (citing and explaining *Warth*, 422 U.S. at 500–01). Simply put, a plaintiff must establish his or her own injuries; a plaintiff seeking redress for alleged injuries inflicted on another person or entity has not established standing.

It is also well established that members or managers of an LLC cannot institute lawsuits as individuals seeking to redress injuries inflicted on their LLC. As the Connecticut Appellate Court recently explained:

> "A limited liability company is a distinct legal entity whose existence is separate from its members. . . . [It] has the power to sue or to be sued in its own name . . . or may be a party to an action brought in its name by a member or manager. . . . A member or manager, however, may not sue in an individual capacity to recover for an injury based on a wrong to the limited liability company. . . . [A] member or manager of a limited liability company is not a proper party to a proceeding by or against a limited liability company solely by reason of being a member or manager of the limited liability company, except where the object of the

proceeding is to enforce a member's or manager's right against or liability to the limited liability company or as otherwise provided in an operating agreement."

*Padawer v. Yur*, 142 Conn. App. 812, 817–18, 66 A.3d 931 (2013) (quoting *O'Reilly v. Valletta*, 139 Conn. App. 208, 214–15, 55 A.3d 583 (2012), *cert. denied*, 308 Conn. 914, 61 A.3d 1101 (2013)).

Moreover, "[p]roperty transferred to or otherwise acquired by a limited liability company is property of the limited liability company and not of the members individually. A member has no interest in specific limited liability company property." Conn. Gen. Stat. § 34-167(a). Accordingly, a person who transfers his or her assets to an LLC has no standing to seek damages when those assets—now belonging solely to the LLC—are harmed. *See, e.g.*, *Zipp v. Florian*, 2006 WL 3719373, at *4–5 (Conn. Super. Ct. 2006) (individual plaintiff lacked standing to sue for damages to property owned by LLC notwithstanding the fact that plaintiff was a member/manager of the LLC); *see also In re Abbott*, 2009 WL 5184710, at *3–4 (Bankr. D. Conn. 2009) (individual plaintiff cannot assert claims relating to assets of an LLC).

In this case, the injury asserted by plaintiff—the assessment of thousands of dollars in improper and unlawful overdraft charges—is an injury to an LLC, and not an injury to plaintiff. While plaintiff's amended complaint—the operative complaint in this litigation—does not provide specific information about the bank account at issue, defendants note in their motion to dismiss that plaintiff has no personal bank accounts at People's. Indeed, there is no dispute that the only People's account with which plaintiff is affiliated is a commercial/business checking account in the name of Greenwich Asset Management Group LLC, a limited liability company of which plaintiff is apparently the sole manager/member.[1]

---

[1] This information is found in the affidavit of a People's executive that has been submitted by defendants, and in a "Signature Card" attached to that affidavit. *See* Doc. #12-2 at 2–5. Because plaintiff does not dispute the accuracy of the information in the affidavit or the authenticity of the "Signature Card," there is no need to conduct

Notwithstanding these facts, plaintiff argues that because he allegedly used the bank account for personal purposes, he should be allowed to pursue his claims as an individual. I am not convinced that any principle of law or logic compels this result. Plaintiff chose to avail himself of the myriad benefits that the law affords to LLCs by creating such an entity, and he further chose to create a business/commercial bank account with People's in the name of that LLC. Any funds placed in a checking account maintained by the LLC became the property of the LLC; they were no longer plaintiff's personal funds. He cannot sue as an individual to right any wrongs that People's may have inflicted on the property of the LLC. Moreover, the claims here are based on a contractual relationship—the relationship between People's and the LLC that is set forth in the account holder agreement. Plaintiff, however, has no contractual relationship with defendants, and he lacks standing to sue.

Finally, there is no merit to plaintiff's argument that a "reverse veil piercing" doctrine permits him to assert claims on behalf of the LLC. The doctrine of reverse veil piercing allows a party to "hold a corporation accountable for the actions of its shareholders." *Am. Fuel Corp. v. Utah Energy Dev. Co.*, 122 F.3d 130, 134 (2d Cir. 1997). The Connecticut Supreme Court has recently expressed skepticism regarding whether the reverse veil piercing doctrine is "a viable theory in Connecticut." *Comm'r of Envtl. Prot. v. State Five Indus. Park, Inc.*, 304 Conn. 128, 142, 37 A.3d 724 (2012). Regardless, the doctrine at best allows a creditor of an individual to look to a business entity for satisfaction of the individual's debts; it does not empower an individual to assert rights on behalf of a business entity with which he is associated.

Defendants raise numerous other strong arguments for dismissal. I need not decide them at this time, because it is clear that plaintiff lacks standing to pursue claims regarding overdraft fees assessed by People's on the LLC's checking account. Plaintiff may sincerely believe that the

discovery on the issue of standing.

overdraft policies imposed by People's are improper, but I do not today decide the merits of claims related to People's administration of its overdraft policies. My conclusion now is simply that plaintiff may not assert these claims as an individual because he lacks standing.

This ruling is without prejudice to the right of Greenwich Asset Management Group LLC to assert any claims it may have against defendants regarding People's administration of its overdraft policies. It should be noted, however, that limited liability companies—including sole member limited liability companies like Greenwich Asset Management Group LLC—are "distinct legal entit[ies]" that "may appear in court only through a licensed attorney." *Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007) (*per curiam*).

Moreover, in light of the very substantial arguments raised in the motion to dismiss, if this lawsuit is filed again in the name of the LLC, the LLC's counsel should be aware of his or her ethical obligations under Rule 11 of the Federal Rules of Civil Procedure. In the event a similar lawsuit is filed by plaintiff or a related entity concerning the same subject matter as this action and if that lawsuit is assigned to another judge of this Court, either party may consider whether to file a motion for transfer of such action to the undersigned under Local Rule 40(b) on the ground that the filing is a related case and on the ground of my familiarity acquired to date with the legal issues presented in this case.

The Clerk is directed to close this case.

It is so ordered.

Dated at Bridgeport this 10th day of February 2015.


/s/ Jeffrey Alker Meyer
Jeffrey Alker Meyer
United States District Judge

5